CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 29, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| RAVEN BLACKHEART, | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00504 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| DAVID ANDERSON, et al., | ) | Senior United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Raven Blackheart, a transgender inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officials at Red Onion State Prison. The case is presently before the court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by defendants Sgt. Short and Lt. C. Taylor. ECF No. 37.[1] Blackheart has responded to the motion, ECF No. 49, and the motion is ripe for review. For the reasons set forth below, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

## I.   Background

The following factual allegations relevant to the pending motion are taken from the second amended complaint and additional written materials filed by Blackheart. See Holley v. Combs, 134 F.4th 142, 144 (4th Cir. 2025) ("[I]n order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff.") (quoting

---

[1] Although the motion was also filed on behalf of defendant B. Mays, the claim against Mays was voluntarily dismissed. See ECF No. 48 (order granting Blackheart's motion to voluntarily dismiss his claims against Mays and another defendant). Other remaining defendants filed an answer to the second amended complaint. ECF No. 39.

Garrett v. Elko, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997)). The factual

allegations are accepted as true for purposes of the motion to dismiss.

Blackheart is a biological male who identifies as female and has been diagnosed with

gender dysphoria. 2d Am. Compl, ECF No. 22, at 4–5. Blackheart alleges that she was strip

searched following an incident during which she activated the fire suppression system in her

cell. Id. at 4. When Blackheart requested that the search be performed by a female officer,

other officers, including Sgt. Short, refused her request. Id.; see also Pl.'s Resp. to Defs.'

Mot. to Dismiss, ECF No. 49, at 1 ("[Sgt.] Short refused to allow females to strip search

Plaintiff. It is well established that transgender inmates have the right to be strip searched by

their own gender identity."). Blackheart alleges that her clothing was forcefully removed by

male officers and that she was sprayed with oleoresin capsicum (OC) spray, beaten, and

placed in a cell covered in urine and feces. 2d Am. Compl. at 4. When she complained to

defendant David Anderson about her conditions of confinement, Anderson "laughed" and

replied that Blackheart "shouldn't be a cho-mo." Id.

Blackheart's second amended complaint lists several defendants, including Sgt. Short

and Lt. Taylor. However, neither that pleading nor Blackheart's response to the pending

motion includes any factual allegations with respect to Lt. Taylor.

## II.  Standard of Review

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon

which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state

a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. For this reason, the court may consider other materials submitted by a pro se plaintiff when deciding whether the plaintiff has stated a plausible claim for relief. Holley, 134 F.4th at 144.

### III.   Discussion

Blackheart filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C.  § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (internal quotation marks and alterations omitted). Although "the pleading standard Rule 8 announces does not require 'detailed factual obligations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). A complaint that "tenders naked assertions devoid of further factual enhancement" does not suffice. Id. (internal quotation marks and alterations omitted).

The court agrees with the defendants that Blackheart has failed to provide fair notice of any claim against Lt. Taylor or the grounds upon which such claim rests. As noted above, Taylor is referenced solely in the list of defendants set forth on the first page of the second amended complaint. Taylor is not mentioned in the statement of claims or Blackheart's response in opposition to the pending motion to dismiss. Because merely listing Taylor as a defendant does not satisfy the pleading requirements of Rule 8, the motion to dismiss will be granted with respect to any claim against Taylor. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Although the same argument has been made with respect to Sgt. Short, Blackheart has clarified in response to the motion to dismiss that Short was one of the correctional officers who refused to allow her to be strip searched by female staff despite being a transgender woman. See Pl.'s Resp. to Defs.' Mot. to Dismiss at 1; see also Griffith v. El Paso Cnty., 129

4

F. 4th 790, 826 –29 (10th Cir. 2025) (concluding that a transgender female inmate plausibly alleged a constitutional violation stemming from a cross-gender strip search performed by a male deputy but ultimately affirming the grant of qualified immunity based on the "clearly established" prong of the affirmative defense raised by the defendants). Because Blackheart's response may be considered at this stage of the proceedings, the court concludes that Blackheart has provided fair notice of the grounds upon which her claim against Short rests. Accordingly, the motion to dismiss will be denied with respect to the claim against Short.

## IV.   Conclusion

For the reasons stated, the motion to dismiss filed by defendants Short and Taylor, ECF No. 37, is **GRANTED IN PART AND DENIED IN PART**. An appropriate order will be entered.

Entered: June 29, 2026

Michael F. Urbanski
U.S. District Judge
2026.06.29 11:30:37
-04'00'

Michael F. Urbanski
Senior United States District Judge